■ Joseph Armato, Appellant, v Josette Bullon, Respondent. [48 NYS3d 130]—

Judgment, Supreme Court, New York County (Ellen Gesmer, J.), entered June 19, 2015, which, to the extent appealed from as limited by the briefs, directed plaintiff to pay defendant the sum of $768,962.28, and denied plaintiffs motion for attorneys' fees, unanimously affirmed, without costs.

Plaintiff is not entitled to separate property credits for contributions from Nationwide Contracting Consulting, Inc. to the parties' purchase of the apartment on East 74th Street or the commercial properties in Louisiana and Kansas. The parties' Post-Nuptial Agreement, dated June 28, 2005, plainly provides that any real estate purchased through the business entity Metropolitan Restoration Inc., now known as Nationwide Contracting Consulting, Inc., during the course of the parties' marriage shall be marital property (see Kasowitz, Benson, Torres & Friedman, LLP v Duane Reade, 98 AD3d 403, 406 [1st Dept 2012] ["Mere assertion by one" that "otherwise clear, unequivocal and understandable" contract language "means something to him" does not alone render a contract ambiguous (internal quotation marks omitted)], affd 20 NY3d 1082 [2013]; see also generally 150 Broadway N.Y. Assoc., L.P. v Bodner, 14 AD3d 1, 6 [1st Dept 2004] ["a court should avoid an interpretation that would leave contractual clauses meaningless" (internal quotation marks omitted)]).

The court properly denied plaintiff's application for additional attorneys' fees (see Silverman v Silverman, 304 AD2d 41, 48 [1st Dept 2003]). Concur—Renwick, J.P., Mazzarelli, Moskowitz, Kapnick and Webber, JJ.